# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1715-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TALBERT D. HINTON a/k/a
YASIN R. BRYANT, TALBERT
HINTN, TALBRET HINTON,
TAV HINTON, HINTON D.
TALBERT, and BRYANT
YASIN,

     Defendant-Appellant.

_____

     Submitted March 5, 2024 – Decided March 27, 2024

     Before Judges Rose and Smith.

     On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-01-0098.

     Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John Joseph Bannan, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Nathanne Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Talbert Hinton appeals from a November 30, 2022 Law Division order denying his second petition for post-conviction relief (PCR). A jury convicted defendant of second-degree sexual assault and endangering the welfare of a five-year-old girl, who lived in his girlfriend's neighborhood. The trial judge sentenced defendant to an aggregate prison term of eighteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions on second degree sexual assault, N.J.S.A. 2C:14-2(a)(1) and endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and the corresponding sentence. State v. Hinton, No. A-5529-14 (App. Div. Sep. 11, 2017) (slip op. 2-6). A PCR court rejected defendant's initial petition, and we affirmed. State v. Hinton, No. A-1377-19 (App. Div. Jan. 29, 2021). Defendant filed a second PCR, raising essentially the same claims that he raised in his first PCR. The PCR court found defendant's second petition was procedurally barred. We affirm.

We incorporate the factual background and procedural history from our opinion affirming defendant's convictions on direct appeal, <u>Hinton</u>, slip op. at 2-7, and from our opinion affirming denial of defendant's first PCR petition <u>Hinton</u>, slip op. at 2-3.

Defendant filed his second PCR, the subject of this appeal, on November 21, 2021. Judge Michael A. Guadagno issued a thorough written statement of reasons accompanying the November 30, 2022 order denying the petition. The judge recounted defendant's unsuccessful direct appeal and denial of certification by the New Jersey Supreme Court, <u>State v. Hinton</u>, 232 N.J. 373 (2018), and denial of certiorari by the United States Supreme Court, Hinton v. N.J., 139 S. Ct. 1348 (2019). Judge Guadagno then detailed defendant's unsuccessful petition for habeus corpus under 28 U.S.C. 2254, noting that it was denied by the District of New Jersey, <u>Hinton v. Att'y Gen. of N.J.</u>, No. 18-14508, 2020 WL 6482932 (D.N.J. Nov. 4, 2020). The judge then recited the events of defendant's first unsuccessful PCR, the findings of the first PCR judge, and our affirmance.

Judge Guadagno then turned to the second PCR, noting that defendant "present[ed] almost word-for-word the identical claims he made in his first pro se PCR petition: '[defendant's] trial attorney . . . did not represent [him] well or

to the best of her ability[;] acted unprofessionally[;] did not meet with or communicate with [defendant] before trial[;] and did not contact or subpoena any witnesses." At oral argument, second PCR counsel, exercising appropriate candor before the court, acknowledged that defendant's second petition claims presented no new evidence. Counsel still contended the old claims represented "cumulative errors." In support of his order, Judge Guadagno found "defendant's current claims of ineffective assistance of his trial counsel are either identical or substantially equivalent to those raised in his first PCR petition and are thus procedurally barred." We affirm, substantially for the reasons stated in Judge Guadagno's concise statement of reasons. We add the following brief comment.

Rule 3:22-5 states, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." The record shows that defendant's claims on his second PCR are indistinguishable from his previous direct appeal and PCR claims. The prior adjudication of defendant's claims bars relief.

For completeness, we note defendant failed to make a prima facie showing of ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 688 (1984), and still has not shown how the alleged errors of counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1715-22